■ WILLIE RICHARDSON et al., Respondents, v LENOX TERRACE DEVELOPMENT ASSOCIATES, Respondent, and LENOX TERRACE PHARMACY, INC., Doing Business as LENOX TERRACE DRUGS, Appellant, et al., Defendant. [837 NYS2d 93]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered March 3, 2006, which, insofar as appealed from, denied the motion by defendant Lenox Terrace Pharmacy, Inc., doing business as Lenox Terrace Drugs (Lenox Drugs) for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of Lenox Drugs dismissing the complaint as against it.

Plaintiff Willie Richardson, a Consolidated Edison employee, was dispatched to the building owned by defendant Lenox Terrace Development Associates to respond to a call that the store operated in part of the building by Lenox Drugs was without heat. An employee of Lenox Drugs, John Gorham, accompanied Richardson to the attic to access the roof, where the heating unit was located. According to Richardson's testimony, Gorham partially pushed aside a sheetrock "board" covering a hatchway in the ceiling to allow the men to climb a ladder into the attic. Richardson, who had a flashlight with him, followed Gorham into the attic, which was dark. While in the attic, Richardson allegedly stepped on the board partially covering the hatchway, which gave way, causing him to fall to the floor below. Gorham testified, however, that he and Richardson gained access to the attic by way of a set of folding steps that descended when the hatchway was opened, and that Richardson fell down these

steps. It is undisputed that the part of the building in which the accident occurred was not leased to, or occupied by, Lenox Drugs.

On this record, regardless of which account of the accident is correct, Lenox Drugs is entitled, as a matter of law, to dismissal of the complaint as against it. As it is undisputed that Lenox Drugs did not own, lease, occupy or control the part of the building in which the accident occurred, Lenox Drugs cannot be held liable for any dangerous condition that existed therein (*see Gibbs v Port Auth. of N.Y.*, 17 AD3d 252, 254 [2005]). Neither does the record afford a basis for finding that Lenox Drugs, through its employee Gorham, assumed a duty of care to Richardson. A defendant can be held liable for breach of an "assumed duty" only where the plaintiff "show[s] reliance on the defendant's course of conduct, such that the defendant's conduct placed him or her in a more vulnerable position than he or she would otherwise have been in had the defendant done nothing" (*Falu v 233 Assoc.*, 258 AD2d 342, 343 [1999]; *see also Heard v City of New York*, 82 NY2d 66, 73 [1993] [city could not be held liable for beach lifeguard's failure to prevent plaintiff from making a dive, since lifeguard's conduct "neither enhanced the risk (plaintiff) faced, created a new risk nor induced him to forego some opportunity to avoid risk"]). In this case, Gorham's agreement to accompany Richardson to the areas to which he needed access to perform his job did not expose Richardson to any new risk or enhance any existing risk, since Richardson would have entered the premises even if Gorham had not accompanied him. Further, Richardson, who carried his own flashlight and was fully aware of the alleged placement of the board over the hatchway, does not allege that he relied for his personal safety on anything Gorham did or said. Finally, liability cannot be predicated on Gorham's alleged failure to replace the sheetrock board over the hatchway so that the hatchway was fully covered, since plaintiffs offer no evidence that the position of the board was a cause of the accident, and, even if there were such evidence, Richardson (who followed Gorham into the attic) could have replaced the board himself. Concur—Mazzarelli, J.P., Friedman, Nardelli, Gonzalez and Catterson, JJ.